312-0844 equals the state of Illinois, happily, by Robert Hanson v. Deshantas Campbell, appellant by Patrick Cassidy. May it please the court, I represent Mr. Deshantas Campbell in this case. But for a purported appeal waiver, this would be a very simple case. The record shows that the defendant filed his plea, he filed a motion to vacate, plea reconsidered sentence, he was appointed counsel, but there's no cease of working certificate. So normally, you just have to remand. But there were several references below to a waiver of the right to appeal. We don't think that should affect the outcome for several reasons. First, Mr. Campbell was not admonished prior to acceptance of the plea that he had a right to appeal the guilty plea judgment that he was waiving that right. I believe we're in agreement that any admonishments came after. And we think that makes all the difference. Rule 402 says that the court shall not accept the plea of guilty without first admonishing him of the rights that he is waiving. 402 sets out the right to plead not guilty, that there won't be a trial, the right to confront witnesses, the right to have a jury. Of course, nowhere in there is the right to appeal a guilty plea judgment. But that would be a right that, if an appeal waiver is ever going to be valid, it would have to be part of these rights, because 402 is there to make sure that the guilty plea is monetary. And I point out that Rule 402 talks about, so those things have to be said before the judge accepts the plea. Then, 402c talks about a factual basis. Now, the judge has to hear a factual basis for the plea, but the court can hear that any time up until entry of judgment. The rule says the court shall not enter final judgment on the plea of guilty without first determining there's a factual basis. So for the factual basis, the time we're interested in could be anywhere up to entry of judgment. But for 402a, admonitions about the rights that we're waiving, it's prior to acceptance of the plea. And here, the plea was accepted without any admonishment that he had a right to appeal the judgment, the right to counsel and so forth. So that's, I think, the first reason why any appeal waiver here was invalid. The second reason is that even after there were these references to waiving the right to appeal, the judge below gave him his appeal admonishment at sentencing. You have the right to appeal. You have to first file a post-plea motion to vacate the reconsidered sentence. And so the judge, it appears, wasn't clear that there was an appeal waiver, and we don't believe that Mr. Campbell would have been clear either. So there isn't a knowing waiver on this record. So for those two reasons, because any admonishments of the appeal waiver came after acceptance of the plea, not before, and because there was no knowing waiver in any event where the judge is telling you you have a right to appeal, we think that any purported waiver is invalid. And this Court doesn't need to get to a bigger question, which I don't think is in our briefs about whether you can ever have an appeal waiver. We agree there's some appellate courts that suggest you can. But if you can't, it has to be under the settled rules of admonishing of that right prior to acceptance of the plea. So this Court... Where is the question? So remand for appointment of counsel for further post-plea proceedings wherein counsel files and complies with Rule 640 to consult and so forth and file the certificate. And a new parent, right? And a new parent, assuming that after that consult consultation there's a motion filed. Thank you. Thank you, Mr. Cassidy. Mr. Hanson. Good afternoon, Your Honors. May it please the Court. Counsel. The absence of Rule 604D certificate here doesn't require a remand. Usually it does. Here it does not. The defendant did not want to proceed on a motion to withdraw his plea. That's set out at pages 2 to 3 of my brief. That's a prerequisite to an appeal from a negotiated plea. On the facts of this particular case, there can't be an appeal. Hence, the lack of 604D certificate's meaning. What the rule says, file a motion to withdraw, right? Yes. It doesn't say argue it. I mean, in other words, in the history of the world, do you think there was ever a defendant that really wanted to withdraw his guilty plea? What he wants is a lower sentence. Oh, I think many times they do. But he's trying to get his lower sentence, right? And our rules say you can't have it both ways. You've got to withdraw your guilty plea if you want to attract a sentence. So, in reality, aren't most, the large majority of people that file these motions to withdraw a guilty plea and reduce sentence really looking for a reduced sentence? I don't know, but that's a reasonable point. I simply don't know. And the rule says that you perfect your rights. You do a 604D certificate. It says by filing a motion to withdraw your guilty plea. And he did indeed file it, did he not? Right. But then his lawyer said with him there, he didn't want to proceed on that. So you don't argue it. Well, it's already filed. He didn't unfile it. But he made it of no moment. He didn't unfile it. Yeah, though in a way, I think we're talking semantics there. In a way, he did unfile it by saying he didn't want to proceed on it. That's what lawyers do, right? I mean, that's what lawyers do is talk semantics. And the rule says the fact that he didn't really want to withdraw his guilty plea is probably a good, a lot of people are thinking that. This guy just said it. But what he's looking for is a judge-reduced sentence. I think, Your Honor, the fact that he said it makes all the difference in the world. Because the rule says you've got to argue the motion? The rule certainly implies that you have to proceed on a motion. Because it's the contract theory that you can't hold the state to part of its bargain and not the other part of its bargain. So they don't. I'm sure the rule does not anticipate a meaningless gesture of a motion, but a motion on which you seriously proceed, saying, hey, let's set the parties back to step one. That's my whole point. Yeah, just filing it is a step in the right direction, but it's hardly enough. And with that, let me ask you this. With that motion unfiled, Mm-hmm. Under the rules, isn't the 604D certificate supposed to be filed before or at least simultaneous with the hearing? Yes. And so there was no 604D filed before or at the hearing? But it doesn't matter here. Almost always it would matter. It doesn't here because there was no appeal that was going to happen here. For two reasons. He didn't proceed on a motion to withdraw a plea, and he waived his right to appeal. Well, isn't that the point of the 604D certificate is to make sure that the lawyer has reviewed the record so that he can know that there's a basis that he really wants to withdraw the guilty plea, and so the court's apprised of all of that. That's certainly a part of it, but on the facts of this case. And my argument would fail almost all the time. I think it doesn't here because of this unique fact of a motion to withdraw a plea that's withdrawn. Judge, he doesn't want to proceed on that. All he wants is some sentencing relief. And the defendant did this knowingly. He was told, you know, you have to file a motion to withdraw a plea in order to get sentencing relief, other than the fact that he did make a stab, keep in mind here, on a motion to reconsider a sentence, which the judge heard. You know, the state's attorney objected, saying, hey, Judge, there can't be an appeal, but I don't see anything wrong with you just going to hear that motion, although the defendant cannot appeal from your ruling. Now, if I've made myself clear, I think I've responded to your question. This is a negotiated plea as the state's attorney made concessions relative to the merits. The effect of sentencing... Excuse me? He agreed to sentencing minimum of 12 1⁄2 years on each count, when the range here was 12 to 60, 6 to 30 consecutive. So the agreement was that he would take a minimum of 25 years. Agreed? Yes. That's a sentencing... Yes. No, no maximum, no... No, but the state, the state, the state court has... The plea was the minimum sentence. Right, and the law says when any concession is made, and a concession was made, it's not the... the usual concession's a cap, and the defendant makes that point in his brief. Absolutely true. This was not the usual case. They did it differently here. And the law says any concession has to sentence. Not only concession has to sentence cap. It doesn't say that. The language is extremely clear. Would you like this guy representing you? In other words, we're going to plead the guilty, but the least they can give you is X years. But the value is limited on the maximum. Depending on what the offense was, sure. When you could get up to 60, the fact that he's... the state's saying we'll agree to accept as little as 25, that's a heck of a concession. But the judge can still give him 60. Sure. On a cap, the judge can give him all the way up to the cap, yeah. But a concession has been made. Right. Okay. First, the defendant filed a motion to vacate his plea. Then he changed his mind and decided not to do that, but just do a motion to reconsider his sentence. Again, that's pages 2 and 3 of my brief. Absent a motion to withdraw a negotiated plea, there can't be an appeal. That's the Flowers case. The judge had told the defendant sentencing. He had to move to withdraw his plea to appeal. The defendant said he had no questions. He knew that he was foregoing an appeal by no motion to withdraw the plea. Also, the defendant here specifically, as part of this agreement, waived his right to appeal. In the plea agreement, the judge admonished him he normally would have the right to appeal. He's giving that up. The defendant said he understood. Not moving to withdraw his plea was consistent therewith, meaning with his saying he understood. Throughout, the defendant was informed of his appeal rights. He knew what he was giving up. As to whether or not the assistant state's attorney forfeited the claim of waiver of appeal, time after time, she said she hadn't done that. Defense counsel didn't specifically argument. I'll let that point go. It's addressed ad nauseum in my brief. When the defendant waived the appeal, the people's position he could not do so was clear. In the face of these facts, it's clear that the attorney did not file a 604D certificate as nobody wanted to vacate the plea. There's no motion to vacate pursued, ergo no appeal, ergo no need for a 604D certificate. Simple logic. The hearing on the motion to reconsider the sentence could have been of benefit to the defendant, and it was argued, but the judge wasn't persuaded. The assistant state's attorney then noted the defendant could not appeal. This was a negotiated plea, as I've already argued. The defendant waived the right to appeal at the guilty plea hearing. The judge admonished him regarding the right to appeal. The defendant said he understood. That happened immediately after the judge accepted his plea in the same proceeding. The right to appeal is not a Rule 402 admonishment. I just throw that in for the fact that 402 is relied on, and that's not one of the admonishments required under 402. There's no reasonable question here. The defendant waived his right to appeal knowingly and voluntarily. He was frequently told of it. There was no point in the state's attorney objecting more than she did as to the defendant having waived his right to appeal. I think I've made the points I care to make, Your Honors. But then after all of this saying he's waived his right to appeal, then he gives them his appeal rights. Right. They sure made it clear he had the right to appeal, but he gave it up. Your Honors, I've looked at the record. I know you will, too, before the opinion comes out. You'll see he gave it up. Right. And the judge is just in a circuit of caution with an assistant state's attorney who is extremely cautious herself, tells him those rights. So not only did he give up his appeal rights, he gave them up with full knowledge that he had them. I think we're just surprised. Do the judge actually reject that part of the plea later, that he waived his right to appeal? I wouldn't say that. No, he just said, I'm going to give him his appeal rights. Right. The state objected and said, please don't give them. No, I think the judge – I think that's the right case. I just think an altogether different interpretation is called for that. No, I know what you're talking about. But, no, in the context of this case, usually, Judge, the defendant's position would be absolutely correct. Not here, where he clearly – two things. He clearly, from the outset, and that's extremely unusual, gave up his right to an appeal. Boy, I haven't seen that in a real, real long time. He gave up his right to an appeal, and then he files the motion with the right to appeal, and then he says he doesn't want to proceed on it. Judge, there are no equities favoring the defendant here. This is a defendant who should be held to what he agreed to. That is our point. Thank you. Thank you, Mr. Hanson. Mr. Cassidy, any rebuttal? Thank you, Your Honor. Just a couple of points. There was no concession made here. There's two counts it's convicted on. He got the maximum of 30 on one count, the maximum, consecutive of 21 on the other. So any type of negotiated plea that you can get the maximum on, by definition, there's no cap. So while this is a negotiated plea in the sense that other charges were dropped, for 605 purposes, this was an open plea, and he had the right to ask that his sentence be reduced. Your Honor, I may have mentioned that the certificate has to be filed at the time or before. As we cite in our brief, that's correct. There's a case from a different district that says that a hearing without a certificate is a nullity. And my final point would just be that, Your Honor, I think you can read the judge's, when he says, I'm going to give him his appeal rights, even though the state objects. You could read that a couple ways. You could say, I'm just going to, maybe the judge is saying, I'm just going to tell him this, but it's pointless. Maybe the judge is saying, no, I've decided he does have a right to appeal. But we have to look at it from what his defendant would understand. Since we don't, I'm not clear what the judgment, I don't think the defendant would be either, so there's no knowing an intelligent waiver right to appeal here either. So we ask that this court remain for further post-plea proceedings with filing of a 604-D certificate. Thank you. Thank you very much. Thank you both very much for your argument today. We'll take this matter under advisement, get back to you with a written statement on it, take a short recess.